WO

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America
v.

Edgar Edward Gonzalez

***ORDER OF DETENTION PENDING TRIAL***

Case Number: 15-7432MJ

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established:   *(Check one or both, as applicable.)*

☐ by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒ by a preponderance of the evidence the defendant is a serious flight risk and require the detention of the defendant pending trial in this case.

**PART I -- FINDINGS OF FACT**

☐ (1) 18 U.S.C. §3142 (e)(2)(A): The defendant has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ [1]

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  ☐ any felony that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. §2250.

☐ (2) 18 U.S.C. §3142(e)(2)(B): The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) 18 U.S.C. §3142(e)(2)(C): A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding 1.

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings**

☒ (1) 18 U.S.C. 3142(e)(3): There is probable cause to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq.[1]

  ☐ under 18 U.S.C. § 924(c), 956(a), or 2332b.

  ☐ under 18 U.S.C. 1581-1594, for which a maximum term of imprisonment of 20 years or more is prescribed.

  ☐ an offense involving a minor victim under section _____.[2]

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

[2] Insert as applicable 18 U.S.C. §§1201, 1591, 2241-42, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Alternative Findings**

☒ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐ (4) _____

**PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION**
*(Check one or both, as applicable.)*

☐ (1) I find that the credible testimony and information[3] submitted at the hearing establishes by clear and convincing evidence as to danger that:

_____
_____
_____
_____
_____
_____

☒ (2) I find that a preponderance of the evidence as to risk of flight that:

  ☐ The defendant has no significant contacts in the District of Arizona.

  ☒ The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

  ☒ The defendant has a prior criminal history.

  ☒ There is a record of prior failure to appear in court as ordered.

  ☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

  ☐ The defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____.

☐ The defendant does not dispute the information contained in the Pretrial Services Report, except:

_____
_____

---

[3] The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.  18 U.S.C. § 3142(f).  See 18 U.S.C. § 3142(g) for the factors to be taken into account.

☒ In addition:

<u>Although the defendant is a US citizen and reports that he is a life long resident of Phoenix, the defendant's residential history is unstable and was reported inconsistently to pretrial services.  The defendant reported an address in Phoenix, but information at the detention hearing established that the defendant has reported multiple different addresses in Arizona, Minnesota and Texas in official documents such as his identification card/drivers license and vehicle registrations.  He has four vehicles registered at different addresses in Minnesota and Texas.  Although he reported to pretrial services that he resides at an address in Phoenix, the government offered evidence through testimony and proffer that he also holds the lease a residence in Minnesota, and the land lord reported that the defendant made representations about his marital status and children to obtain the lease.  The government proffered that this information was false (e.g. identifying his sister as his wife). The defendant has reported that he is unemployed.  The defendant did not present any evidence of financial ties to Arizona, Minnesota, or any other district.  Although the defendant has familial ties to the District of Arizona, his mother and sister are not suitable third party custodians because of their criminal records.  In addition, he is estranged from his wife.  His father is currently incarcerated. Therefore, the Court concludes that he does not have residential, financial or familial ties in any district that would rebut the presumption of flight.</u>

<u>In addition, the defendant reported crossing from Arizona into Mexico approximately ten times, with the most recent crossing occurring eight months ago.  The government proffered the defendant's border crossing history, which also established that he crossed the border multiple times between August 2014 and April 2013.  However, the defendant reported to pretrial services that he does not possess a passport.  His border crossing history is not consistent with his claim that he does not possess a passport.  The defendant did not offer any explanation for this apparent inconsistency.  These frequent border crossings, and the defendant's inability to explain how he regularly crosses the border without a passport, establish flight risk.</u>

<u>The government also proffered the information contained in the statement of probable cause to support the complaint and information from the case agent.  Defendant correctly asserts that the strength of the government's evidence is the least significant detention factor in the Ninth Circuit.  However, it is nonetheless a factor.  The government proffered information to establish that the defendant is a leader in a methamphetamine trafficking organization, transporting large quantities of methamphetamine from Arizona to Minnesota.  This information is largely based on the statements from a cooperating witness who identified the defendant as a leader in the drug trafficking organization.  This witness also asserted that a vehicle registered to defendant, which was stopped in Minneapolis, Minnesota on April 20, 2015 with another vehicle, was traveling with the other vehicle to transport methamphetamine.  Although the defendant's vehicle did not contain methamphetamine, the other vehicle contained 22 pounds of methamphetamine.   Although the defendant argues that this witness was arrested with the methamphetamine and is not credible, the cooperating witness's statements that the vehicles were traveling together is corroborated by evidence that on April 19, 2015, the day before the vehicles were stopped in Minneapolis, they passed a license plate reader in Holbrook, Arizona, within seven seconds of each other.  In addition, the defendant's border crossing history shows that he crossed the border with this cooperating witness, which indicates that he knows the witness.  Based on the strength of this evidence, the Court finds that the defendant is a flight risk and that he has not presented evidence to rebut the presumption that he is a flight risk.</u>

The Court incorporates by reference the findings of the Pretrial Services Agency which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement

in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

### PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.  Pursuant to Rule 59(a), FED.R.CRIM.P., effective December 1, 2009, Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the district court.  Failure to timely file objections in accordance with Rule 59(a) may waive the right to review.  59(a), FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATED this 27th day of July, 2015.

_____
Bridget S. Bade
United States Magistrate Judge